UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOMAS RIVERA,

        Petitioner,

vs.                              Case No. 2:10-cv-732-FtM-29DNF
                                  Case No. 2:07-cr-60-FTM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner Tomas Rivera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #128)[1] filed on December 6, 2010. The United States filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on January 21, 2011. (Cv. Doc. #8.) For the reasons set forth below, the motion is denied.

On May 9, 2007, a federal grand jury sitting in the Middle District of Florida, returned a one-count Indictment (Cr. Doc. #14) against Tomas Rivera (hereinafter Rivera or "petitioner"). Count One charged that on April 26, 2007, petitioner knowingly and willfully possessed with intent to distribute 500 or more grams of

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2. After a two-day trial, a jury found petitioner guilty as charged. (Cr. Doc. #76.) On August 4, 2008, petitioner was sentenced to 70 months imprisonment, followed by four years of supervised release (Cr. Doc. #87). On direct appeal the Eleventh Circuit Court of Appeal found no arguable issues of merit, granted petitioner's counsel's motion to withdraw and affirmed petitioner's conviction and sentence. United States v. Rivera, 359 F. App'x 146 (11th Cir. 2010). On November 10, 2010, the Court issued an Order (Cr. Doc. #127) dismissing a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(B) and directing the Clerk to provide petitioner with a 2255 habeas form for filing. Petitioner then filed a timely motion under 28 U.S.C. § 2255, in which he seeks to be re-sentenced under the Fair Sentencing Act of 2010, removal of an obstruction of justice enhancement, and application of a minimal role adjustment.

The Supreme Court recently concluded that the Fair Sentencing Act's "more lenient penalty provisions apply to offenders who committed a **crack** cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey v. United States, 567 U.S. at ___, 132 S. Ct. 2321, 2326 (2012)(emphasis added). Petitioner was neither convicted nor sentence for a criminal offense involving crack cocaine, and therefore the Fair Sentencing Act of 2010 does

not impact his case.

A claim that the sentence imposed is contrary to the Sentencing Guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998). No such showing has been alleged or shown in this case. Assuming that a Sentencing Guidelines error that resulted in a longer sentence may be remedied in a collateral proceeding, there has been no showing of such an error by the Court or by defense counsel. The facts in the case clearly show that defendant was the source of the half kilogram of cocaine, and did not have a minimal role in the transaction. The record also establishes that the obstruction of justice enhancement was appropriate because the Court found petitioner had committed perjury during his trial testimony and this satisfied the other requirements for an obstruction of justice enhancement. (Cr. Doc. #94, pp. 11-12.)

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #128) is **DENIED AS WITHOUT MERIT** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgement accordingly,

terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of November, 2012.

JOHN E. STEELE
United States District Judge

Copies: Parties of Record

4